UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEHAN ABDUR-RAHEEM,


                                        Plaintiff,

                                                            DECISION AND ORDER

                                                            07-CV-6247L

                    v.

DONALD SELSKY,
JOHN W. BURGE,
S. J. WENDERLICH,
M. WHITMORE,
POWERS,

                                        Defendants.

_____


        Plaintiff, Jehan Abdur-Raheem, commenced this action under 42 U.S.C. § 1983.  Plaintiff,

an inmate in the custody of the New York State Department of Correctional Services ("DOCS"),

alleges that his constitutional rights have been violated in a number of respects in connection with

certain incidents that occurred from 2005 to 2007, while plaintiff was confined at Elmira

Correctional Facility.  The five defendants are all DOCS officials or employees.

        Plaintiff commenced this lawsuit *pro se*.  The Court subsequently appointed counsel for

plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Dkt. #16.  Through his appointed counsel, plaintiff

filed an amended complaint on March 13, 2008.  Dkt. #22.

Defendants have moved to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure.  For the reasons that follow, the motion is granted in part and denied in part.

## DISCUSSION

### I. Official-Capacity Claims

All the defendants have moved to dismiss the claims against them under Rule 12(b)(1) for lack of subject matter jurisdiction.  Defendants assert that "[p]laintiff has brought suit for money damages against the five state defendants in their official capacity only," Defendants' Mem. of Law (Dkt. #33) at 4, and that all of plaintiff's claims are therefore barred by the Eleventh Amendment to the United States Constitution, which generally bars suits for damages against a state without the state's consent.  *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

"Claims against state employees in their official capacity are deemed claims against the state itself," and are likewise barred by the Eleventh Amendment.  *Nash v. McGinnis*, 585 F.Supp.2d 455, 464 (W.D.N.Y. 2008) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).  A narrow exception to that rule, however, permits a plaintiff to sue state officials in their official capacities for prospective equitable relief to remedy an ongoing violation of federal law.  *See Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 438 (2004); *Ex parte Young*, 209 U.S. 123 (1908); *Murray v. New York*, 585 F.Supp.2d 471, 472 (W.D.N.Y. 2008).  In addition, "[m]onetary relief that is 'ancillary' to

injunctive relief also is not barred by the Eleventh Amendment." *Graham*, 473 U.S. at 169 n. 18 (1985) (citing *Edelman*, 415 U.S. at 667-668).

In his response to defendants' motion, plaintiff notes that his complaint seeks an order directing that he be moved out of the Special Housing Unit ("SHU") at Elmira.  He takes the position that his additional claim for monetary damages is ancillary to that claim for equitable relief.  *See* Dkt. #35 at 2.

It is true that "[i]f the injunctive relief sought by the plaintiff is truly prospective non-monetary relief, sovereign immunity will not bar the suit simply because the state may be required to make *incidental* expenditures in complying with the injunction."  *Barton v. Summers*, 293 F.3d 944, 949 (6th Cir. 2002) (citing *Milliken v. Bradley*, 433 U.S. 267, 289 (1977)); *see also Phillips v. Cook County*, NO. 07 C 2394, 2008 WL 2692032, at *4 (N.D.Ill. July 1, 2008) ("ancillary" monetary relief is that which is "necessary to effectuate" injunctive relief); *see, e.g.*, *A.A. v. Board of Educ., Central Islip Union Free School Dist.*, 196 F.Supp.2d 259, 267 (E.D.N.Y. 2002) ("Ancillary damages permissible under the Eleventh Amendment include the imposition of fines and awards of attorneys' fees") (citing *New York City Health and Hosp. Corp. v. Perales*, 50 F.3d 129, 135 (2d Cir. 1995)).

In both the original and amended complaints, however, plaintiff seeks $500,000 in compensatory damages against all the defendants jointly and severally, and $100,000 in punitive damages against each defendant.  Those are "classic requests for monetary relief," *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005), *cert. denied*, 547 U.S. 1021 (2006), and to the extent that they are brought against defendants in their official capacities, they are therefore barred by the Eleventh

Amendment.  *Id.*; *see also South Carolina Wildlife Federation v. Limehouse*, 549 F.3d 324, 332 (4th Cir. 2008) ("Federal courts may not award retrospective relief, for instance, money damages or its equivalent, if the State invokes its immunity." (quoting Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004)).

That does not entirely dispose of plaintiff's claims, however, because it appears that plaintiff *has* sued the defendants in their individual capacities.  In his original *pro se* form complaint, plaintiff checked the boxes indicating that each defendant was sued in his individual capacity.  *See* Dkt. #1 at 2.  The amended complaint filed by counsel does state that defendants were acting in their official capacities, but in light of plaintiff's *pro se* complaint, I do not construe the complaint as suing defendants *only* in their official capacities.

Plaintiff's claims for damages against defendants in their individual capacities, then, are not barred.  In addition, the amended complaint also seeks equitable relief in the form of "immediate release from SHU and transfer to another facility ... ."  Dkt. #22 at 13.  As stated, the Eleventh Amendment does not bar claims for prospective injunctive relief.  Defendants' motion to dismiss these claims on Eleventh Amendment grounds is therefore denied.[1]

---

[1]In his response to defendants' motion, plaintiff's counsel states that "[s]ometime last fall [2008] Plaintiff, without explanation, was transferred out of the Special Housing Unit and to another facility." Dkt. #35 at 1.  Other than that statement, however, which is contained in an unsworn memorandum of law, there is no evidence before me concerning any such transfer, nor has any application been made to the Court to dismiss or otherwise dispose of plaintiff's claim for equitable relief on mootness or other grounds.

**II. Claims against Defendant Selsky**

Defendant Donald Selsky, the DOCS Director of Special Housing/Inmate Disciplinary Program, also moves to dismiss all of plaintiff's claims against him pursuant to Rule 12(c), based on Selsky's lack of personal involvement in the alleged constitutional deprivations.  Selsky's motion is granted.

A plaintiff asserting a § 1983 claim against a supervisory official in his individual capacity must allege that the supervisor was personally involved in the alleged constitutional deprivation. *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001).  That requirement may be satisfied by alleging facts showing that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to others' rights by failing to act on information indicated that constitutional acts were occurring.  *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

The only allegation concerning Selsky in the case at bar is that he affirmed the disposition of plaintiff's administrative segregation hearing, pursuant to which plaintiff was confined to SHU. *See* Dkt. #22 ¶¶ 18, 19 and Ex. I.  That is not enough to establish Selsky's personal involvement. *See Chavis v. vonHagn*, No. 02-CV-0119, 2009 WL 236060, at *68 (W.D.N.Y. Jan. 30, 2009)

("defendant Wilcox's decisions affirming the hearing officers' determinations and defendant Selsky's decisions affirming or modifying the results of the disciplinary hearings do not, standing alone, establish a federal constitutional violation") (citing *Hameed v. Mann*, 57 F.3d 217, 224 (2d Cir. 1995)); *Ramsey v. Goord*, No. 05-CV-47, 2005 WL 2000144, at *6 (W.D.N.Y. Aug. 13, 2005) ("the fact that Commissioner Goord and SHU Director Selsky, as officials in the DOCS 'chain of command,' affirmed defendant Ryerson's determination on appeal is not enough to establish personal involvement of their part").  Accordingly, the claims against Selsky are dismissed.

## CONCLUSION

Defendants' motion to dismiss (Dkt. #31) is granted in part and denied in part.  Plaintiff's claims against defendants in their official capacities, and all of plaintiff's claims against defendant Donald Selsky, are dismissed.  In all other respects, defendants' motion is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 6, 2009.